IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK L. KING,<br>Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3420 |
| | : | |
| WARDEN J. QUIGELY, *et al.*,<br>Defendants. | : | |

**FILED**
SEP 28 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

<u>MEMORANDUM</u>

JONES, J.                                                                 SEPTEMBER 26, 2018

*Pro se* Plaintiff Derrick L. King, an inmate currently incarcerated at the Berks County Jail System,[1] filed this civil action pursuant to 42 U.S.C. § 1983 against Warden J. Quigley (misspelled as "Quigely" in King's Complaint), D.W. Chief Smith, C/O Matthew Luppold, and C/O Kieser. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant King leave to proceed *in forma pauperis* and dismiss his claims against all Defendants, with the exception of his retaliation claim against Officers Luppold and Kieser.

**I.     FACTS**

On July 3, 2018, King was sent to "the hole" after getting in a fight with another inmate. (Compl. at 4-5.)[2] During that fight, "a C/O was hit in the face by [King's] elbow on accident." (*Id.* at 5.) That same day, Officer Kieser came to King's cell and called King a "n*****." (*Id.* at 5.) King also alleges that Officer Kieser threatened to come into his cell and sodomize him.

---

[1] Public dockets reflect that King is awaiting trial on drug and firearms charges. *See Commonwealth v King*, Docket No. CP-06-CR-0004202-2017 (Berks Cty. Common Pleas).

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

(*Id.*) Four days later, on July 7, 2018, Officer Luppold came to King's cell, threatening to sodomize him along with Officer Kieser and also stating that King was "going to die." (*Id.*) King filed two grievances regarding these events on July 10, 2018. (*Id.* at 15-16.) On July 17, 2018, he filed an Inmate Communication Form, asking to be removed from "the hole" due to the harassment by Officers Luppold and Kieser. (*Id.* at 11.) Chief Deputy Warden Smith responded, telling King that his grievances were "being looked into and addressed" and that King would not be moved at that time. (*Id.*)

Exhibits attached to King's Complaint show that on July 22, 2018, Officer Luppold issued a Misconduct Citation against him for threats and sexual harassment that occurred on July 2, 2018. (*Id.* at 18.) The matter was referred to the disciplinary committee. (*Id.*) Presumably, King was found guilty of the misconduct because on July 26, 2018, King appealed the decision to Warden Quigley. (*Id.* at 17.) He argued that Officer Luppold issued the Misconduct Citation "out of retaliation" for King submitting grievances against him and Officer Kieser. (*Id.*) On July 27, 2018, Warden Quigley denied his appeal. (*Id.*) On August 2, 2018, the Institutional Classification Committee conducted a review of King's classification status. (*Id.* at 14.) At the hearing, King stated that Officers Luppold and Keiser were "retaliating against him & writing him up for sexual harassment." (*Id.*) The committee made no change in King's status, noting that King's grievances regarding Officers Luppold and Keiser were "still with Lt. Weber to address." (*Id.*)

As relief, King requests a "temporary restraining order against the Berks County Jail System or hole." (*Id.* at 7.) He also seeks damages of $50,000.00 each from Officers Luppold and Kieser. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant King leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, King's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As King is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court construes King's Complaint to be raising claims of retaliation and verbal harassment against the Defendants. For the reasons set forth below, King's Complaint fails to state a claim for relief, with the exception of his retaliation claim against Officers Luppold and Kieser.

### A. Claims Against Warden Quigley and Chief Deputy Warden Smith

King has not stated a claim against Warden Quigley or Chief Deputy Warden Smith. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

---

[3] However, because King is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

It appears that King seeks to hold Warden Quigley and Chief Deputy Warden Smith liable based on their involvement in the review of his grievances and his misconduct appeal. However, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn*, No. Civ. A. 99-1511, 1999 WL 305240, at *2 (E.D. Pa. May 12, 1999); *see also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) (concluding that dismissal of claims against defendants regarding "their involvement in the post-incident grievance process" was proper). Accordingly, King cannot maintain a claim against Warden Quigley and Chief Deputy Warden Smith based on their involvement in the grievance process. King's claims against them will therefore be dismissed.

### B. Claims Against Officers Luppold and Kieser

#### 1. Verbal Sexual Harassment

King alleges that Officers Luppold and Kieser violated his constitutional rights by verbally harassing him with sexual comments. While the Court does not condone this behavior, "[a]llegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner." *Brown v. Hamilton Police Dep't*, No. CIV.A. 13-260 MAS, 2013 WL 3189040, at *2 (D.N.J. June 21, 2013), *aff'd sub nom. Brown v. Hamilton Twp Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96 (3d Cir. 2013); *see also Harris v. Ferguson*, 3:16-cv-1965, 2017 WL 3611752, at *4-5 (M.D. Pa. Aug. 22, 2017) (granting summary judgment to defendants on § 1983 claims regarding verbal sexual harassment because the record did not show that plaintiff suffered injury or damage); *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995) ("It is well established that verbal harassment or threats will not . . . without some reinforcing act accompanying them, state a constitutional claim."). Accordingly, King's constitutional claims regarding verbal sexual harassment will be dismissed.

#### 2. Retaliation

As noted above, the Court has construed King's Complaint, and the exhibits attached thereto, to be raising a retaliation claim against Officers Luppold and Kieser. King suggests that these officers wrote him up for misconduct in retaliation for filing grievances about them. King will be permitted to proceed on this claim at this time as to Officers Luppold and Kieser only. *See Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002).

5

## IV. CONCLUSION

For the foregoing reasons, the Court will grant King leave to proceed *in forma pauperis* and dismiss his claims against all Defendants, with the exception of his retaliation claim against Officers Luppold and Kieser. King will be permitted to proceed on his retaliation claim at this time. A separate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.