IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK L. KING,                    :
    **Plaintiff,**                  :
                                    :
**v.**                              :    **CIVIL ACTION NO. 18-CV-3420**
                                    :
**WARDEN J. QUIGELY**, *et al.,*    :    **FILED**
    **Defendants.**                 :

SEP 28 2018

**ORDER**

KATE BARKMAN, Clerk
By_____Dep. Clerk

AND NOW, this _____ day of September, 2018, upon consideration of Plaintiff Derrick L.

King's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund

Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C.

§ 1915(b).

2.    King, #2016-4945, shall pay the full filing fee of $350.00 in installments, pursuant to

28 U.S.C. § 1915(b). Based on the financial information provided by King, he is not assessed an

initial partial filing fee. In each month when the amount in King's inmate trust fund account exceeds

$10.00, the Warden or other appropriate official at the Berks County Jail System or at any other

prison at which King may be incarcerated shall forward payments to the Clerk of Court equaling

20% of the preceding month's income credited to King's inmate trust fund account until the fees are

paid. Each payment shall reference the docket number for this case, Civil Action No. 18-3420.

3.    The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the

Berks County Jail System.

4.    The Complaint is **DEEMED** filed.

5.    King's claims against Warden Quigley and Chief Deputy Warden Smith, and his

verbal harassment claim against Officers Luppold and Kieser, are **DISMISSED** at this time for the

reasons set forth in the Court's Memorandum. King may proceed on his retaliation claim against Officers Luppold and Kieser.

6.    The Clerk of Court is specially appointed to serve written waiver requests on Officers Luppold and Kieser, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service requests shall be accompanied by copies of the Complaint as well as copies of this Order and accompanying Memorandum, and shall inform the defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses, a copy of the Complaint, and a copy of this Order and accompanying Memorandum to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c).

7.    All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

8.    Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and local rules are to be followed. King is specifically

directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this action.

9. King is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." King shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

10. No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

11. In the event a summons is returned unexecuted, it is King's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

12. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

C. DARNELL JONES, II, J.

3