IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK L. KING,** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **NO. 18-3420-KSM** |
| **C/O MATTHEW LUPPOLD**, et al., | |
| Defendant. | |

**MEMORANDUM**

**MARSTON, J.**                                                                    **July 20, 2023**

*Pro se* Plaintiff Derrick L. King is currently incarcerated at SCI Huntingdon. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against correctional officers Matthew Luppold and Kieser,[1] claiming that they retaliated against him after he filed complaints against them. (*See* Doc. No. 2.) Presently before the Court are Defendants' Motions to Dismiss (Doc. Nos. 66, 68), which seek dismissal of King's Complaint in its entirety. King has not responded to the motions despite repeated notices. For the following reasons, the motions are granted.

**I.     FACTUAL BACKGROUND**

Taking the allegations in the Complaint as true, the relevant facts are as follows.

On July 3, 2018, while an inmate in the Berks County Jail System, King was placed in "the hole"[2] after getting into a fight with another inmate during which his elbow hit the face of a correctional officer. (Doc. No. 2 at 5.) That night, while doing rounds, Officer Kieser knocked

---

[1] Neither party has provided Defendant Kieser's first name.

[2] By "the hole," the Court assumes that King is referring to the Jail's special housing unit for solitary confinement.

on King's cell door, addressed him using racial slurs, and threatened to sexually assault him. (*Id*.)  Four days later, on July 7, Officer Luppold similarly threatened to sodomize King and told King that he was "going to die here." (*Id.*)  On June 10, 2018, King filed grievances for these events with jail officials under the Prison Rape Elimination Act ("PREA"). (*Id.* at 15, 16.)  It is unclear from the Complaint how the officials ultimately ruled on those grievances; however, Defendants' answer states that the grievances were "deemed to be meritless." (Doc. No. 14 at 2.)

The exhibits attached to King's Complaint show that Officer Luppold issued a misconduct citation against King for threats and sexual harassment on July 22, 2018, and the matter was referred to the disciplinary committee. (Doc. No. 2 at 18.)  King was presumably found guilty by the committee, and on appeal, he argued that Luppold issued the citation in retaliation for submitting grievances against him and Keiser. (*Id.* at 17.)  King's appeal was denied, but his status was subsequently reviewed by the Institutional Classification Committee, and at that hearing, King alleged retaliation again. (*Id*. at 14, 17.)  The Committee made no change to King's classification. (*Id*. at 14.)  In its decision, it noted that the underlying grievances were "still with Lt. Weber to address." (*Id.*)

II.     PROCEDURAL HISTORY

King filed this lawsuit on August 13, 2018, asserting § 1983 claims for harassment and retaliation against Officers Luppold and Keiser, as well as Warden Quigley, and Deputy Warden Smith. (*See generally id.*)  All claims except the retaliation claim against officers Luppold and Keiser have since been dismissed. (*See* Doc. No. 5.)  Officers Luppold and Keiser filed an answer to King's Complaint on November 25, 2018, generally denying the claims against them. (*See* Doc. No. 14.)  Throughout the next year, King filed various motions, all of which were denied. (*See* Doc. Nos. 20, 21, 24, 27, 28, 29.)  King also filed a notice of appeal (though it is

unclear what he was trying to appeal), and the Honorable C. Darnell Jones, II placed the case in suspense pending appeal. (Doc. Nos. 23, 30.) That appeal was dismissed for lack of jurisdiction, and the case returned to this Court. (Doc. No. 31.)

A few months later, in February 2020, King again requested appointment of counsel, which Judge Jones granted in October 2020 and placed the case in suspense once again. (Doc. No. 37.) When no attorney had agreed to represent King after eight months, Defendants filed a motion requesting the case be removed from civil suspense, which Judge Jones granted on March 31, 2022. (Doc. No. 43.) Additionally, the Court ordered the parties to begin taking and exchanging formal discovery with a discovery deadline of July 31, 2022. (*Id.*)

On June 21, 2022, the case was reassigned to the Honorable Karen Spencer Marston, and the Court entered new case management deadlines, extending the discovery period to January 31, 2023. (Doc. Nos. 45, 56.) On Defendants' request, this discovery deadline was extended twice more because King refused to respond to their discovery requests. (*See* Doc. Nos. 59–62.) The Court also granted Defendants' motion to compel King's responses, ordering King to provide verified answers and responses by May 14, 2023. (Doc. No. 62.)

On May 23, 2023, when King still had not responded to Defendants' discovery requests, Defendants filed a motion to dismiss for failure to comply with the Court's Order (Doc. No. 66). When King missed the deadline for responding to that motion, the Court *sua sponte* extended the response deadline and ordered him to file a response by June 27, 2023. (Doc. No. 67.) That Order warned King that if he failed to respond, the Court could grant the motion to dismiss as unopposed under Local Rule 7.1. (*Id.* at n.1.) June 27 came and went without a response from King, and on June 30, 2023, Defendants filed a second motion to dismiss for lack of prosecution. (Doc. No. 68.)

3

**III.     DISCUSSION**

When a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested under our local rules. *See* Loc. R. Civ. P. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. *In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P. 56.*" (emphasis added)); *see also Fleming v. United States VA Med. Ctrs.*, 348 Fed. App'x. 737, 738 (3d. Cir. 2009) (affirming district court's grant of a defendant's motion to dismiss pursuant to Rule 7.1(c) as "within its authority," where the plaintiff failed to respond after approximately four weeks); *Abdulhay v. Abdulhayoglu*, No. 5:22-CV-02066-JMG, 2022 WL 6768194, at *3 n.3 (E.D. Pa. Oct. 11, 2022) ("It is within a district court's discretion to grant a motion to dismiss as unopposed pursuant to Local Civil Rule 7.1(c).").

The Court acknowledges that the Third Circuit generally disfavors the disposition of a motion to dismiss for failure to comply with a procedural rule. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule."). Instead, it is preferred that a district court undertake a merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss. *See Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) ("[M]otions to dismiss should not be granted without an analysis of the merits of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions."); *Stackhouse*, 951 F.2d at 30 ("[T]his action should not have been dismissed solely on the basis of the local rule

without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed.R.Civ.P. 12(b)(6).").

This general guidance notwithstanding, the Third Circuit has clarified that the Court's local rules are not entirely without force and effect:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.* Thus, our holding is not broad.

*Stackhouse*, 951 F.2d at 30 (emphasis added).

Here, King has failed to respond to Defendants' discovery requests despite multiple notices, extensions, and a Court Order directing him to respond. King has likewise failed to respond to Defendants' first motion to dismiss for, despite the Court directing him to do so, *sua sponte* extending the response deadline, and warning King that failure to respond could result in dismissal of his case. Finally, the Court notes that King has similarly failed to timely respond to Defendants' second motion to dismiss for lack of prosecution. The Court is satisfied that, considering the procedural record described herein, the dismissal of the case against Defendants Luppold and Kieser is appropriate. *Contra. Gary*, 497 F. App'x at 226 ("While we have said that 'some cases' could be dismissed as unopposed, 'particularly if the party is represented by an attorney,' *or if the party failed to comply with a court's orders*, that is not the situation here. The District Court did not give Gary any notice that it was considering the sanction of dismissal for failure to comply with local procedure." (emphasis added)).

In granting a motion to dismiss under these circumstances, the Third Circuit has further

5

instructed that "a district court must analyze the relevant factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of dismissal is warranted." *Gary*, 497 F. App'x at 226; *see also Hernandez v. Palakovich*, 293 F. App'x 890, 895 (3d Cir. 2008) (rejecting "the proposition that a district court may dismiss a case without considering the *Poulis* factors whenever a plaintiff fails to comply with a briefing deadline"). The six *Poulis* factors outlined by the Third Circuit are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure [to participate in the prosecution of the case]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

727 F.2d at 868. "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). We address these factors, in turn, below.

*(1)   Personal Responsibility.* The first *Poulis* factor requires the Court to consider the extent to which King is personally responsible for failing to respond to the motions to dismiss. Plaintiff was repeatedly notified that he needed to timely respond to outstanding discovery requests and Defendants' motions to dismiss, but he failed to do so. Because Plaintiff is proceeding *pro se*, his failure to respond to Defendants' motions cannot be attributed to anyone but him. *See Nieves v. Cnty. to Courthouse to S.C.I. State Prison Transp.,* No. 4:20-CV-1193, 2022 WL 19350600, at *8 (M.D. Pa. Aug. 29, 2022), *report and recommendation adopted*, No. 4:20-CV-1193, 2022 WL 19350590 (M.D. Pa. Sept. 16, 2022) (finding that *pro se* plaintiff who had been directed to respond to motion to dismiss no less than four times "was aware of this obligation" and that "the failure to file a brief in opposition cannot be attributed to anyone but

Plaintiff"); *accord Malibu Media, LLC v. Paek*, Civil Action No. 13-2766, 2015 WL 779494, at *2 (E.D. Pa. Feb. 23, 2015) ("Because Defendant is proceeding *pro se*, he alone is responsible for his failure to comply with this Court's orders."); *Jimenez v. Rosenbaum-Cunningham, Inc.*, Civil Action No. 07-1066, 2010 WL 1303449, at *6 (E.D. Pa. Mar. 31, 2010) (holding that the first *Poulis* factor weighed in favor of default judgment even though the defendant did not have counsel because "his *pro se* status [does not] excuse his failure to participate in the litigation" and he failed to present "any excuse for his non-participation in the litigation and his disregard of [the court's] Orders"). Given the number of chances provided to King and the over four-year life of this case, the first factor weighs in favor of granting the motions to dismiss.

    *(2)*    *Prejudice.* Next, the Court considers the prejudice that King's failure to respond has caused Defendants. A finding of prejudice in the context of *Poulis* does not require "irremediable harm," rather, "the burden imposed by impeding a party's ability to effectively prepare full and complete trial strategy is sufficiently prejudicial." *Williams-Bearden v. Clouser*, No. 4:20-CV-1495, 2021 WL 4743705, at *2 (M.D. Pa. Oct. 12, 2021) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). This case has been pending for over four years and has not moved past the initial discovery stage. Most of that delay can be attributed to King's actions, which resulted in the case being held in suspense on multiple occasions. (*See* Doc. No. 23 (suspense order in connection with untimely and unwarranted appeal); *see also* Doc. Nos. 24, 28 (suspense order in connection with placement of case on attorney panel).) Beyond this, the Court was forced to extend the discovery deadline multiple times because King refused to respond to Defendants' discovery requests. (*See* Doc. No. 61.) King's failure to respond to Defendants' requests "frustrate[d] and delay[ed] the resolution of this matter," thereby causing

7

prejudice to their interest in a timely resolution of this case. *Williams-Bearden*, 2021 WL 4743705, at *2 (finding prejudice to the defendants where the plaintiffs had failed to respond to motion to dismiss and/or summary judgment for almost six months); *Nieves*, 2022 WL 19350600, at *8 (finding prejudice where case had been pending for two years without resolution of motion to dismiss). As such, the Court finds that the second factor also weighs in favor of granting the motions to dismiss.

      *(3)      History of Dilatoriness.* The Court also considers whether King has engaged in a pattern of dilatory conduct throughout the course of the litigation. *See Adams*, 29 F.3d at 875 ("A party's problematic acts must be evaluated in light of his behavior over the life of the case."). "Conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness;" however, "extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or *consistent tardiness in complying with court orders*." *Nieves*, 2022 WL 19350600, at *9 (cleaned up) (emphasis added). In addition to Defendants' repeated reminders to King to respond to their discovery requests, this court twice extended discovery to account for his lack of response and ordered him to engage in discovery, a direction which was also ignored. (*See* Doc. Nos. 61, 62.) Additionally, the Court issued an order directing King to respond to Defendants' first motion to dismiss, which he again ignored. (Doc. No. 67.)

      The Court recognizes that King is incarcerated, and that this likely contributed to his lack of response in this case. Indeed, King's conduct up to this point has been "viewed liberally because he is a *pro se* litigant." *Nieves*, 2022 WL 19350600, at *9. Nevertheless, there is a limit to this liberal reading, and the Court's tolerance for these delays has waned. *See Williams-Bearden*, 2021 WL 4743705, at *2 ("The Court finds that [*pro se*] Plaintiffs have delayed this

8

matter to the extent that [their] conduct constitutes a continuous stream of dilatory conduct.") Thus, the Court finds that this factor also weighs in favor of the Defendants' dismissal.

      (4)    *Willful or Bad Faith Conduct.* The fourth factor requires the Court to assess whether King's failure to respond to the motions to dismiss was willful or in bad faith. "Willfulness involves intentional or self-serving behavior, and not mere negligence." *Nieves*, 2022 WL 19350600, at *9 (quoting *Adams*, 29 F.3d at 875). A review of the Docket shows that the Court's numerous Orders on discovery were sent to King at his most recent address, SCI Huntingdon, suggesting that he received each Order and has intentionally chosen not to comply with them. Indeed, King has not filed any documents with the Court since his last motion for the appointment of counsel on September 14, 2022, nearly a year ago. Accordingly, the Court finds that this factor also weighs in favor of dismissal. *See Williams-Bearden*, 2021 WL 4743705, at *2 ("Here, Plaintiffs have violated the local rules, and have failed to comply with a Court order directing them to take specific action in this case, the Court is compelled to conclude that Plaintiffs' actions were not negligent, but instead reflect an intentional disregard for the Court's local rules and its order. Thus, Plaintiffs' silence and failure to litigate this action lead to an inference that Plaintiffs have willfully abandoned this case.").

      (5)    *Effectiveness of Other Sanctions.* The fifth factor, the effectiveness of other sanctions, also weighs in favor of dismissal. The Court acknowledges that "[d]ismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal." *Nieves*, 2022 WL 19350600, at *9 (citing *Poulis*, 747 F.2d at 868.) But in cases like this one, where the plaintiff is proceeding *pro se* and *in forma pauperis*, there is evidence to support a reasonable inference that the plaintiff would not be able to pay monetary sanctions, and the Court is left with few options. In addition, King's failure to

comply with the Court's previous orders directing him to respond to Defendants' first motion to dismiss supports the inference that further orders would not be effective. (*See* Doc. No. 67.) *See Nieves*, 2022 WL 19350600, at *9; *Williams-Bearden*, 2021 WL 4743705, at *3; *see also Lurwick v. Lehigh Valley Health Network, Inc.*, No. CV 18-0981, 2019 WL 2060070, at *5 (E.D. Pa. May 9, 2019) ("When a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate."). Therefore, the Court finds this factor weighs in favor of a sanction that grants the Defendants' motions to dismiss as uncontested.

(6)     *Meritoriousness of Claims or Defenses.*  Finally, the Court turns to the sixth factor. According to *Poulis*, "a claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 870. This Court previously found King's Complaint states valid retaliation claims under § 1983 against Defendants Luppold and Kieser. (*See* Doc. No. 5 at 5.) Accordingly, this factor weighs against dismissal. We reemphasize, however, that not all factors must be present to support the dismissal of a case under this factor analysis. *See Mindek*, 964 F.2d at 1373.

* * *

Weighing these factors, the Court finds that King has abandoned his claims against Defendants; our analysis of the *Poulis* factors leads us to conclude that dismissal of these claims is appropriate.

**IV.   CONCLUSION**

For the reasons set out above, Defendants' motions to dismiss are granted. An appropriate Order follows.